## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **FLAVIO ROBERT CRUZ** | § | |
| | § | |
| **V.** | § | **A-13-CA-408-SS** |
| | § | |
| **WILLIAM STEPHENS, Director, Texas** | § | |
| **Dept. of Criminal Justice-Correctional** | § | |
| **Institutions Division** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1);  Respondent's Answer (Document 8); and Petitioner's response thereto (Document 9).  Petitioner, proceeding pro se, has paid the filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to judgments and sentences of the Criminal District Court No. 3 of Dallas County, Texas, in cause numbers F-1062115-J, F-1061770-J, and F-0749942.  In cause number F-0749942-J, Petitioner

pleaded guilty to assault on a public servant.  He was originally sentenced to ten years' incarceration.  However, his sentenced was suspended, and Petitioner was placed on probation for five years.  On August 8, 2011, his probation was revoked and he was sentenced to five years' imprisonment.  In addition, Petitioner was convicted in cause numbers F-1062115-J and F-1061770-J for intoxication assault and was sentenced to five years' imprisonment.  Petitioner's sentences were ordered to run concurrently.

Petitioner does not challenge his holding convictions.  Rather, he challenges the Board of Pardons and Paroles' decision to deny him release on discretionary mandatory supervision.  According to Respondent, the Board informed Petitioner on December 5, 2012, he was denied release on discretionary mandatory supervision.   After being denied release on mandatory supervision, Petitioner filed a state application for habeas corpus relief.  Ex parte Cruz, Appl. No. 79,439-01 at 2-18. The Texas Court of Criminal Appeals denied the application without written order on May 15, 2013.  Id. at cover.

**B.    Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    The Board of Pardons and Paroles' denial of mandatory supervision is arbitrary and capricious;

2.    The Board's "Comprehensive Scheme" violates constitutional and statutory requirements and the Board uses computer-generated reasons to deny release;

3.    His due process rights were violated because the Board failed to conduct an investigation; and

4.    The state court failed to uphold his statutory rights of his constitution.

2

**C.**     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues <u>Harrington</u> resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." <u>Id.</u> Following all of the Courts of Appeals' decisions on this question, <u>Harrington</u> concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." <u>Id.</u> (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." <u>Id.</u> (citing <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." <u>Id.</u> And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." <u>Id.</u>

As <u>Harrington</u> noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. <u>Id.</u> at 785 (citing 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted).   Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 741 (quotation and citation omitted).   The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  But absent such  a showing, the federal court must give deference to the state court's fact findings.  Id.

**B.     Mandatory Supervision**

Petitioner makes various claims that his due process rights have been violated with respect to the denial of mandatory supervision.  "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division."  TEX. GOV'T. CODE § 508.001(5).  Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory supervision scheme (outlined above) does create a protected liberty interest. <u>Teague v. Quarterman</u>, 482 F.3d 769, 777 (5th Cir. 2007); <u>Ex parte Geiken</u>, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).  Therefore, Petitioner is correct in noting he has a protected liberty interest, and is entitled to due process protection with respect to the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision.  Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard.  <u>Geiken</u>, 28 S.W.3d at 560.  Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release."  <u>Id.</u> (citing <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979)).

Petitioner does not allege he was not provided timely notice that he was to be considered for mandatory supervision release, that he was not given a meaningful opportunity to tender information to the Board in support of his release, or that the Board failed to inform him in what respects he fell short of qualifying for early release.  The record reflects Petitioner was notified on September 18, 2012, that he was being considered for discretionary mandatory supervision.  <u>See</u> Resp. Exhibit B at 1.  The notice also indicated Petitioner could submit evidence to the Board panel no more than 30 days from the date Petitioner received his notice.  <u>Id.</u>  Therefore, Petitioner had adequate notice of the review that would take place, as well as an opportunity to submit evidence to the Board panel in support of his release.  The record also reflects the Board specifically set forth the factors justifying its determination not to release him on mandatory supervision, and Petitioner received notice of the Board's decision and rationale on or about December 5, 2012.  <u>See</u> Resp. Exhibit A.  Therefore,

Petitioner received the process to which he was due under the law with regard to the denial of mandatory supervision.

To the extent Petitioner complains the Board's reasoning or the guidelines it follows are too vague or arbitrary, the Court of Criminal Appeals has considered this argument and rejected it. Geiken, 28 S.W.3d at 557.  In Geiken, the applicant argued the statutory criteria directing the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public "are too vague to provide any guidance to the Board in making its decision and . . . this Court should, because of this vagueness, hold this portion of the statute unconstitutional."  Id.  The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision."  Id.  The Geiken court concluded, "The early release decision is necessarily subjective and cannot be limited to rigidly defined factors. In creating a parole or other early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'"  Id. (citing Greenholtz, 442 U.S. at 8).  Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit.  As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision.  See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").

Finally, Petitioner's sentence has not been extended.  As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce,

extend, or otherwise have any effect on the length of sentence imposed on an inmate. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

9

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

     SIGNED this 30th day of August, 2013.

 

 

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE